IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 17-cr-00119-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JUAN AMAYA,
2. GEORGE AMAYA,
3. KEITH REED, and
4. DIEGO MOLINA-CHAVEZ,

    Defendants.

---

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

---

The matter is before me on the United States' Motion for an Ends of Justice Continuance and Findings of Excludable Time Pursuant to Title 18 U.S.C. § 3161 [Docket No. 44], wherein the government requests that the Court exclude 90 days from the Speedy Trial period. The United States indicates that it has contacted counsel for the defendants and they do not oppose the motion. *Id*. at 3.

Pretrial motions were due on June 6, 2017; the trial is set for July 10, 2017.

Based upon Mr. Diego Molina-Chavez's initial appearance on May 3, 2017, I find that there are 36 days left in the Speedy Trial Act period for all defendants on all counts.

The government's motion is based on the need for defense counsel to review additional discovery. The government has already provided 55 ATF reports and eight laboratory reports and anticipates producing 572 audio/video files, totaling 25 GB of

data, of conversations regarding controlled purchases. *Id.* at 2. In addition, the United States anticipates producing search warrants, more ATF and DEA reports, the results of cellular telephone searches, and pen registers. *Id.*

The superseding indictment charges the defendants with various counts related to the distribution and/or possession with the intent to distribute methamphetamine and cocaine and/or the possession of firearms.

The United States' motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006). Certain periods of

delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill*, 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

I find that the exclusion of 90 days is justified and is necessary to allow defense counsel adequate time to review the discovery and to discuss it with their clients given the large amount of discovery that the United States intends to produce.

I find that it would be unreasonable to expect adequate preparation by defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

4

(2)  That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional 90 days from the date of this order should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that the United States' Motion for an Ends of Justice Continuance and Findings of Excludable Time Pursuant to 18 U.S.C. § 3161 [Docket No. 44] is **GRANTED**.  It is further

2.  **ORDERED** that pretrial motions shall be filed by August 25, 2017 and responses to these motions shall be filed by September 8, 2017.  It is further

3.  **ORDERED** that the Trial Preparation Conference currently scheduled for **July 6, 2017 at 1:30 p.m.,** as well as the trial, currently scheduled to begin on **July 10, 2017 at 8:00 a.m.**, are vacated.  The Trial Preparation Conference will be rescheduled for **October 6, 2017 at 2:30 p.m.** and the trial reset for **October 16, 2017 at 8:00 a.m.** for seven days.  It is further

4.  **ORDERED** that an additional 90 days from the date of this order shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED June 12, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge