IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 17-cr-00119-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JUAN AMAYA,

    Defendant.

## ORDER

Before the Court is defendant Juan Amaya's Motion for Appointment of Counsel and Notice of Intent to [F]ile Under 18 U.S.C. § 2255 [Docket No. 310]. For the reasons stated below, the Court denies the motion.

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). However, there is a right to counsel for a habeas motion pursuant to 28 U.S.C. § 2255 when the district court determines that an evidentiary hearing is required. *Bucci v. United States*, 662 F.3d 18, 34 (1st Cir. 2011) (collecting cases). In particular, Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6(a) similarly provides that, "[i]f

necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Regardless, the district court has discretion to "appoint counsel in a habeas case when 'the interests of justice so require.'" *Washington v. United States*, 2000 WL 985885, at *1 (10th Cir. July 18, 2000) (unpublished) (quoting 18 U.S.C. § 3006A(2)(B)); *see also Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).

The Court has made no determination regarding whether an evidentiary hearing is warranted in this action. In addition, no discovery has been requested by the parties or authorized by the Court. Therefore, defendant is not entitled to appointment of counsel and the Court exercises its discretion in considering the motion.

The Court is not persuaded that appointment of counsel is necessary or in the interests of justice at this time. Defendant has not explained the basis for his forthcoming 28 U.S.C. § 2255 motion and there is no indication that defendant will be unable to cogently present his claims. Should the Court later determine an evidentiary hearing is warranted in this action, it will appoint counsel. Likewise, if discovery is warranted or the interests of justice would be served, the Court will revisit whether to appoint counsel.

For the reasons stated herein, it is

**ORDERED** that defendant Juan Amaya's Motion for Appointment of Counsel and Notice of Intent to [F]ile Under 18 U.S.C. § 2255 [Docket No. 310] is denied.

DATED August 12, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge